Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Timothy Sims

_____

_Your full name_

**FILED**

**AUG 3 1 2020**

U.S. DISTRICT COURT-W
MARTINSBURG, WV 25٠

**FEDERAL TORTS CLAIM ACT**
**COMPLAINT**    **Groh**
   **Trumble**
**3:20-CV-162** **Sims**

v.

Civil Action No.:_____
_(To be assigned by the Clerk of Court)_

UNITED STATES OF AMERICA

### I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

### II.    PLAINTIFF

_In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided._

A.    Your full name: Timothy Sims    Inmate No.: 42945-037
Address: PO Box 6000 Glenville, WV 26351

### III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: FCI Gilmer

A.    Is this where the events concerning your complaint took place?
     ☒ Yes     ☐ No

---

_United States District Court_      7      _Northern District of West Virginia-2013_

**Attachment A**

If you answered "NO," where did the events occur?

_____

_____

_____

IV.   PREVIOUS LAWSUITS

    A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☐ Yes    ☒ No

    B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

        1.   Parties to this previous lawsuit:

            Plaintiff(s): _____

            Defendant(s): _____

            _____

        2.   Court: _____
              *(If federal court, name the district; if state court, name the county)*

        3.   Case Number: _____

        4.   Basic Claim Made/Issues Raised: _____

            _____

            _____

            _____

        5.   Name of Judge(s) to whom case was assigned: _____

            _____

        6.   Disposition: _____
              *(For example, was the case dismissed? Appealed? Pending?)*

        7.   Approximate date of filing lawsuit: _____

**Attachment A**

8.    Approximate date of disposition. Attach copies:_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☐ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought. _____
_____
_____
_____

E.    Did you exhaust **ALL** available administrative remedies?
☒ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted. _Form 95 Filed_____
_____
_____
_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____
_____

**Attachment A**

2.    Name and location of court and case number: _____

_____

_____

3.    Grounds for dismissal:  ☐ frivolous    ☐ malicious
☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

## V.   ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim, with the appropriate BOP Regional Office?
☒ Yes    ☐ No

B.    If your answer is "YES," answer the questions below:

    1.    Identify the type of written claim you filed: _Persnol Injury_

    2.    Date your claim was filed: _1/8/20_

    3.    Amount of monetary damages you requested in your claim:
        _$ 500,000_

    4.    If you received a written Acknowledgment of receipt of your claim from the BOP, state the:

        I.    Date of the written acknowledgment: _1/17/2020_
        ii.    Claim Number assigned to your claim: _TRT-MXR-2020-02548_

C.    If your claim involves individuals who are employed by government agencies **other than the BOP**, did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim with the appropriate government agencies?    ☐ Yes    ☐ No  _N/A_

**Attachment A**

D.     If your answer is "YES," answer the questions below:

    1.     Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

    _____

    _____

    _____

    2.     Identify the type of written claim(s) you filed: _____

    _____

    3.     Date your claim(s) were filed: _____

    4.     Amount of monetary damages you requested in your claim(s):

    _____

    5.     If you received a written Acknowledgment of receipt of your claim(s), state the:

        I.     Date of the written Acknowledgment: _____

        ii.    Claim Number assigned to your claim: _____

E.     If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
    ☐ Yes        ☒ No

    1.     If you answered "YES," state the:

        I.     Date you requested reconsideration: _____

        ii.    Date the agency acknowledged receipt of your request for reconsideration: _____

**Attachment A**

VI.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case.  **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining.  Describe exactly what each federal employee did.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.  **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION.  NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)**

CLAIM 1: P.A. A. Wilson violated her duty of care owed to Sims pursuant to 18 USC 4001, 4042. Wilson violated the applicable FBOP regulations to provide needed medical care.

Supporting Facts: Wilson's disregard for Sims' serious medical condition was unreasonable and caused him harm.
Cont'd on attached

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
P.A. A. Wilson

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," please explain: FCI Gilmer employee

CLAIM 2: _____

**Attachment A**

Supporting Facts: _____

_____

_____

_____

     Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

     With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☐ Yes    ☐ No

     If your answer is "YES," please explain: _____

_____

_____

_____

CLAIM 3: _____

_____

_____

Supporting Facts: _____

_____

_____

_____

     Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

     With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☐ Yes    ☐ No

**Attachment A**

If your answer is "YES," please explain: _____

_____

_____

_____

CLAIM 4: _____

_____

_____

Supporting Facts: _____

_____

_____

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     □ Yes     □ No

If your answer is "YES," please explain: _____

_____

_____

_____

_____

CLAIM 5: _____

_____

_____

Supporting Facts: _____

_____

_____

**Attachment A**

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?      ☐ Yes      ☐ No

If your answer is "YES," please explain: _____

_____

_____

_____

_____

## VII.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. Wilson's conduct has caused tremendous pain and suffering. As a result of Wilson's recklessness, Sims' is permanently injured, resulting in gait impairment and constant pain that will last the rest of his life.

## VIII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Declare Wilson's conduct was in violation of law and negligent;
2. Enjoin the further negligent conduct of Wilson and others similarly situated;
3. Provide for adequate monetary relief in the form of compensatory damages; and
4. Nominal damages

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ____Glenville, WV_____on __8/25/2020____.

           (Location)                              (Date)

_____

Your Signature

July 22, 2020

STATEMENT PURSUANT TO W.Va. Code 55-7B-6(c)

Pursuant to W. Va. Code 55-7B-6(c), Plaintiff Timothy Sims ("Sims"), believes that no screening certificate of merit is necessary because Physician's Assistant Alicia Wilson, who is employed by the Federal Bureau of Prisons at FCI Gilmer, recklessly disregarded Sims' needed medical care.

As further detailed in Sims' Complaint, Wilson knew that Sims required surgery to repair his torn Achilles heel, yet she delayed the surgery until the repair was no longer available without significant risk of further harm. Res Ipsa supports Sims' belief.

Executed at Glenville, WV on  8/25/2020

Timothy Sims
Plaintiff, pro se

Statement of Claim Cont'd

1. In March 2018, while playing basketball at FCI Gilmer, Timothy Sims felt his right Achilles tendon rupture. He reported to Health Services where FBOP employee Houchin examined him. Houchin treated Sims' ruptured Achilles heel conservatively.

2. Two weeks later, Sims was sent out to an orthopedist specialist—Dr. Joseph Snead. Dr. Snead diagnosed the injury as a serious rupture and surgical repair was required immediately. Dr. Snead expressed the urgency to properly fix the serious injury.

3. Over one month later, Sims sent an email to FBOP HSU employee A. Wilson asking when the surgery would be scheduled. Pursuant to Dr. Snead's concern, Sims raised the issue of a delay in surgery causing additional harm. Wilson responded that his surgery had been approved.

4. Weeks later, Sims was transported from the prison for what he thought was the scheduled surgery. Instead, he was taken to a different doctor (Dr. Robert Santrock) for another examination. Dr. Santrock's May 3, 2018 Encounter Notes identified a chronic Achilles tendon rupture; stated Sims is "going to have a complex postoperative course"; and ordered an MRI. Wilson reviewed the Doctor's Notes.

5. On June 20, 2018, Sims sent another email to Wilson expressing his concern about the harm from the delay in surgery.

6. On July 20, 2018, five months after the injury, Sims sent another email to Wilson epxressing his pain and discomfort and concerns regarding the delay to surgically repair his injury.

7. In August 2018, Sims was transported back to Dr. Snead's office with the understanding that his surgery would be performed. The nurse at the Doctor's office stated that he was not scheduled with Dr. Snead but was scheduled for a completely different doctor. The trip was a complete waste of time and resources.

1

8.    In September 2018, seven months from the injury, Sims sent another email to Wilson with his concerns over the delay. Wilson advised his surgery had been rescheduled.

9.    On September 25, 2018, Sims was transported back to Dr. Santrock. The Encounter Notes indicate that over seven months later, Sims "has not been able to do much activity outside of walking...walking does hurt and stairs are especially painful".

10.   Dr. Santrock stated "I've got good news and bad news...they [FBOP] took too long to bring you back...scar tissue has formed over the Achilles...I would be doing you a disservice if I put you under the knife...because your incarceration would not permit proper postoperative rehab."

11.   Notably, the Encounter Notes stated Sims' pain would last "over months to years".

12.   The delay,which turned into a denial of medically necessary surgery, resulted in a marked exacerbation of Sims' condition and prolonged his pain. As no other plausible explanation exists, upon information and belief, the delay of surgery was due to budget restraints of FBOP health care for inmates.

13.   The FBOP completely denied Sims, the prescribed medical treatment plan by his Doctor.

14.   Wilson, as Sims' source for medical treatment, owed him a duty to act reasonably considering his dire need for surgery. She was aware he was in pain and was suffering because of the delay in his prescribed surgery, yet was dismissive to Sims' complaints.

15.   Wilson was aware that rapid surgery was needed yet opted for an easier and less efficacious treatment—physical therapy.

16.   Wilson, as a trained medical provider, recklessly disregarded the substantial risk that delay in repairing Sims' injury would permanently harm him.

2